```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
J.P. MORGAN SECURITIES LLC (f/k/a
J.P. Morgan Securities Inc.),
J.P. MORGAN CLEARING CORP., and
BEAR STEARNS ASSET MANAGEMENT INC.,

                Petitioners,                    O R D E R

        - against -                             14 Civ. 3743 (NRB)

DOUGLAS A. SHARON,

                Respondent.
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2014

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The petition before this Court seeks to confirm the award of an arbitration panel. Because the underlying arbitral award meets the statutory requirements for confirmation, see 9 U.S.C. § 9, we grant the petition.

In 2010, the parties submitted their dispute to binding arbitration through the Financial Industry Regulatory Authority, Inc. (FINRA), and consented to allow any court of competent jurisdiction to enter judgment on the arbiters' decision. See FINRA Arbitration Submission Agreement, Ex. A to Gould Decl. Respondent claimed millions of dollars in damages from petitioners in connection with the collapse in 2007 of two hedge funds. See Decl. of Gabrielle Gould in Supp. of Pet'n to Confirm Arbitration Award ¶¶ 3, 5, ECF No. 3. After nearly two years of discovery and

motion practice, the parties undertook twenty-one days of hearings over a period of nineteen months in Manhattan. See Gould Decl. ¶¶ 12, 14. On May 23, 2014,[1] the FINRA panel denied respondent's claim and assessed costs, which respondent has paid. See Award, Ex. B to Second Decl. of Gabrielle Gould in Supp. of Pet'n to Confirm Arbitration Award, ECF No. 4; Aff. of James W. Halter in Opp'n to Pet'n to Confirm Arbitration Award ¶ 7, ECF No. 12. Also on May 23, 2014, petitioners filed their papers requesting this Court to confirm the panel's award. See Pet'n to Confirm Arbitration Award, ECF No. 2.

By the terms of the Federal Arbitration Act, we must confirm an arbitral award so long as (1) the parties' arbitration agreement allows judicial confirmation, (2) either party requests confirmation within one year of the award, and (3) the award is not vacated, modified, or corrected. 9 U.S.C. § 9. Venue is proper in the district specified by the parties' agreement or, if no court is specified, then in the district where the award was made. Id.

The petition before us meets all these elements. The parties' arbitration agreement explicitly permits judicial confirmation.

---

[1] One of the three arbitrators did not sign the panel's award until five days later—after the date of the petition under consideration. Because respondent has not suggested otherwise, we assume that the panel's award became final once two of the arbitrators signed the award on May 23. Cf. FINRA Manual §§ 12904(a), 13904(a) ("All awards shall be in writing and signed by a majority of the arbitrators . . . .").

Submission Agreement ¶ 4.  The petition was filed well within one year after the panel made its award, and respondent did not seek to vacate, modify, or correct the award.  See Resp.'s Mem. of Law in Opp'n to Pet'n to Confirm Arbitration Award 1, ECF No. 11. Further, venue is proper as the award was issued in the Southern District of New York.  See Award 1.

Respondent does not dispute that each of these elements is satisfied, or that the statute makes confirmation mandatory. Instead, respondent argues that we should withhold confirmation because confirmation would "serve no purpose to Petitioners while, at the same time, be potentially damaging to Respondent."  Opp'n 1.

We do not agree that petitioners will derive no benefit from confirmation.  Having spent years litigating claims that an arbitral panel ultimately found meritless, petitioners are entitled to the greater finality that a judgment will carry.  An unconfirmed award is subject to a subsequent court's "own view of good preclusion rules."  18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4475.1 (2d ed. 1982); see McDonald v. City of W. Branch, 466 U.S. 284, 288-89 (1984) (holding that an arbitral award may not preclude a cause of action under 42 U.S.C. § 1983).  By contrast, a confirmed award bears the same preclusive effect as any other judgment of the court of confirmation.  See,

e.g., Fayer v. Town of Middlebury, 258 F.3d 117, 123-24 (2d Cir. 2001) (applying Connecticut preclusion law to determine whether to give preclusive effect to an award confirmed by a Connecticut state court); In re Khaligh, 338 B.R. 817, 824 & n.2 (B.A.P. 9th Cir. 2006) (distinguishing between preclusive consequences of unconfirmed and confirmed awards, and applying California preclusion law to determine whether to give preclusive effect to an award confirmed by a California state court).

Petitioner will benefit from this greater degree of finality even though respondent concedes that Massachusetts' statute of limitations has run against his claims.[2] But it is uncertain from the record whether Massachusetts, with its six-year statute of limitations over most contractual disputes, is the only state where respondent could attempt to renew his claims; and res judicata will provide petitioners with a more certain defense than that provided by any state's statute of limitations, as statutes of limitations may be subject to arguments over tolling and accrual.

Finally, any potential harm to respondent is speculative and irrelevant. Once petitioner proved each of the necessary elements,

---

[2] Respondent apparently cites Massachusetts' statute of limitations because his underlying claims had some connection to Massachusetts. Cf. Award 2 (stating that respondent had asserted, among other things, claims under the Massachusetts Uniform Securities Act).

which included respondent's own consent to the entry of judgment, section 9 requires us to confirm an award.

For the foregoing reasons, we confirm the FINRA panel's award.

**SO ORDERED.**

Dated:      New York, New York
            October _10_, 2014

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Counsel for Petitioners:**
Marshall H. Fishman, Esq.
Gabrielle Gould, Esq.
Robert J. McCallum, Esq.
Freshfields Bruckhaus Deringer US LLP
601 Lexington Ave.
New York, NY 10022

**Counsel for Respondent:**
James W. Halter, Esq.
Liddle & Robinson, L.L.P.
800 Third Ave., 8th Floor
New York, NY 10022